IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAREN LUNDREGAN,

    Plaintiff,

v.

OFFICE OF PUBLIC AND INDIAN
HOUSING DEPT. OF HOUSING AND
URBAN AFFAIRS,

    Defendant.

Civil Action No.: PJM-20-1241

(Related cases: PJM-19-1369
                 PJM-20-1242)

## MEMORANDUM OPINION

On May 18, 2020, Plaintiff Karen Lundregan filed the above entitled complaint along with a Motion to Proceed in Forma Pauperis, which the Court now grants. For the reasons stated herein, the complaint must be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations

. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff alleges that Public and Indian Housing (PIH) Assistant Secretary R. Hunter Kurtz has "failed to directly respond to [her] complaint against the Housing Opportunities Commission (HOC) of Montgomery County, Maryland." ECF No. 1 at 6. According to Plaintiff, "PIH oversees HOC and should have investigated [her] complaint and resolved it." *Id.* Plaintiff recounts her attempts to contact officials regarding her complaint, stating she was assured of return phone calls when she went to the HUD office in the District of Columbia, but the phone calls never materialized. *Id.* She claims "HOC has broken numerous HUD guidelines and continued to discriminate and retaliate against [her]." Although Plaintiff admits that her frustration is the impetus for this lawsuit, she does not include a description of her underlying claim.

Importantly, Plaintiff is currently litigating her claims against the HOC in a separate, related case. *See Lundregan v. Housing Opportunities Commission, et al.,* Civil Action PJM-19-1369 (D. Md.). To the extent there is a viable claim hidden in the vague allegations raised in her current complaint, Plaintiff's attempt to initiate an entirely separate legal proceeding involving the same parties and, presumably, related claims amounts to "claim splitting." "Like res judicata, claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.' *Myers v. Colgate–Palmolive Co.,* 102 F.Supp.2d 1208, 1224 (D. Kan. 2000)(internal citations omitted). Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs.*

*Corp.*, 452 F. Supp.2d 621, 626 (D. Md. 2006), *aff'd*, 273 F.App'x 256 (4th Cir. 2008) quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2nd Cir. 2000).

Because the instant complaint states no discernible claim and likely involves claims closely related to Plaintiff's currently pending lawsuit, the complaint shall be dismissed by separate Order which follows.

5/26/20
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE